ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MANAGEMENT CONSULTING PROFESSIONAL ALLIED, INC.<br><br>Parte Recurrente<br><br><br>v.<br><br><br>OFICINA DE PLANIFICACIÓN Y ORDENACIÓN TERRITORIAL - MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Parte Recurrida | KLRA202400574 | *Revisión Judicial,* procedente de la Oficina de Planificación y Ordenación Territorial - Municipio Autónomo de San Juan<br><br>Caso Núm.: 21POT-00818ZO-MO<br><br>Sobre: Denegatoria a Solicitud Cambio de Calificación |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2024.

**I.**

Compareció Management Consulting Professional Allied, Inc. (en adelante, "Management Consulting" o "Recurrente"), mediante recurso de revisión judicial presentado el 15 de octubre de 2024. Nos solicitó la revocación de la determinación emitida por la Oficina de Planificación y Ordenación Territorial del Municipio Autónomo de San Juan (en adelante, "Oficina de Planificación") el 10 de septiembre de 2024 y depositada en el correo el 13 de septiembre de 2024.

Específicamente, Management Consulting solicitó que revocáramos dicha determinación, bajo el argumento de que la Oficina de Planificación incidió al dejar de formular las advertencias finales de rigor, en violación de su derecho a un debido proceso de ley, las disposiciones de la Ley Núm. 75 de 24 de junio de 1975, según enmendada, conocida como la "Ley Orgánica de la Junta de Planificación de Puerto Rico", y la Ley Núm. 38-2017, según

enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico".

Tras varios trámites procesales ante esta Curia, el 30 de octubre de 2024, compareció el Municipio Autónomo de San Juan mediante "**Escrito en Cumplimiento de *Resolución* de 16 de octubre de 2024, y en solicitud de desestimación por falta de jurisdicción por razón de academicidad**". A través del mismo, el ayuntamiento reconoció que la Oficina de Planificación omitió apercibir al Recurrente de su derecho a revisión judicial, el término disponible, el foro al cual recurrir y la fecha del archivo en autos de la determinación impugnada. En consecuencia, solicitó la desestimación por academicidad, pues se aprestaría a renotificar su determinación, incluyendo dichos apercibimientos.

Debido a que del aludido escrito se desprendía que la Oficina de Planificación no había procedido a renotificar la determinación recurrida, el 31 de octubre de 2024, emitimos *Resolución* mediante la cual le concedimos a esta última un plazo para proceder con la renotificación y presentar ante nos evidencia de ello. El 6 de noviembre de 2024, el Municipio de San Juan compareció mediante "**Moción en Cumplimiento de *Resolución* de 31 de octubre de 2024**". Mediante la misma, la parte recurrida presentó copia de la notificación de una *Resolución Sustituta* de 6 de noviembre de 2024, en la que se incorporaron una serie de advertencias legales.

**II.**

La doctrina de academicidad constituye una de las manifestaciones concretas del concepto de justiciabilidad, la cual delimita el ámbito de la función judicial. Comisión Estatal de Elecciones v. Departamento de Estado, 134 DPR 927, 934 (1993). Ésta supone la existencia de un caso que presenta controversias que no son susceptibles de ser evaluadas. P.P.D. v. Gobernador I, 139 DPR 643, 675-676 (1995). En el normativo E.L.A. v. Aguayo, 80 DPR 552, 558 (1958), el Tribunal Supremo estableció que "[e]sta autoridad nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes

opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas''.

Un caso se puede tornar académico en varias instancias, a saber: (1) cuando se intenta obtener un fallo sobre una controversia disfrazada, (2) cuando se establece una determinación de un derecho antes de que éste sea reclamado o (3) cuando la adjudicación de un asunto en controversia, por alguna razón, no podrá tener efectos prácticos. Super Asphalt v. AFI y otro, 206 DPR 787, 816 (2021). El análisis del concepto "academicidad" debe estar encaminado a evaluar minuciosamente la relación existente entre los sucesos que provocaron la iniciación del pleito y la adversidad actual. Asoc. de Periodistas v. González, 127 DPR 704, 717 (1991). Ello es indispensable para comprobar la existencia de los requisitos constitucionales de "caso y controversia" y, además, cumplir con los requerimientos jurisprudenciales de justiciabilidad. Íd.

Desde la óptica procesal de un litigio, la academicidad presupone no sólo examinar si la controversia cumple con todos los requisitos de justiciabilidad, sino que se hace indispensable evaluar si los cambios fácticos o judiciales acontecidos durante el trámite judicial tornan ficticia su solución, de manera que la adjudicación del pleito se convierta en una opinión consultiva. Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724-725 (1980).

El Tribunal Supremo de Puerto Rico ha expresado en reiteradas ocasiones que "un caso se torna académico cuando su condición de controversia viva y presente sucumbe ante el paso del tiempo". Empresas Puertorriqueñas de Desarrollo, Inc. v. H.I.E.T.E.L., 150 DPR 924, 936 (2000). Con relación a este punto, nuestra más Alta Curia ha resuelto que la doctrina de academicidad requiere que exista una controversia genuina entre las partes en todas las etapas de un procedimiento adversativo, incluyendo las etapas apelativas o revisoras. Noriega v. Hernández Colón, 135 DPR 406, 437 (1994). El propósito ulterior de establecer esta limitación judicial se asienta en el hecho de evitar la utilización innecesaria de los recursos

judiciales, y así soslayar pronunciamientos inmateriales sobre la cuestión que se pretende resolver. Comisión Estatal de Elecciones v. Depto. de Estado, *supra*, págs. 935-936.

Relativo a este aspecto, el análisis que un tribunal efectúe sobre un asunto ante su consideración debe "evaluar los **eventos anteriores, concomitantes y futuros**, y determinar si su condición de controversia viva y presente subsiste con el transcurso del tiempo". Pres. del Senado*,* 148 DPR 737, 759 (1999) (énfasis suplido). Conforme a ello, nuestro Tribunal Supremo ha reiterado que una controversia no es justiciable "cuando después de comenzado el pleito, hechos posteriores lo convierten en académico". E.L.A. v. Aguayo, *supra*, pág. 584; Noriega v. Hernández Colón, *supra*, pág. 421. Es decir, como norma general, una vez queda establecido que una controversia se ha convertido académica por la inexistencia de posturas adversativas entre los intereses que persiguen las partes, los tribunales están impedidos de considerar el caso en sus méritos. Comisión Estatl de Elecciones v. Depto. de Estado, *supra*, pág. 936.

**III.**

A la luz del tracto procesal acaecido en el presente recurso, no existe duda alguna de que la controversia que activó nuestra autoridad adjudicativa se ha tornado académica. Ello responde a que el único señalamiento de error esgrimido por Management Consulting estaba cimentado en que la Oficina de Planificación incidió al dejar de efectuar las advertencias legales pertinentes a la determinación recurrida.

Luego de haber analizado el recurso presentado por el Recurrente, el Municipio evidenció haber notificado una *Resolución Sustituta*, con expresión de una serie de advertencias legales, que sustituye la determinación sobre la solicitud de cambio de calificación de suelo interpuesta por Management Consulting. Así pues, los cambios fácticos acontecidos durante el trámite judicial han tornado ficticia la solución del caso, de manera que la adjudicación del presente recurso se convertiría en una opinión consultiva. En otras

palabras, estamos ante un caso que no es justiciable, toda vez que después de comenzado, hechos posteriores lo han tornado en académico.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Sentencia*, se *desestima* el recurso de revisión judicial ante nos, tras haberse tornado académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones